IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES MONTEZE HARMER | : | |
| | : | |
| v. | : | CIVIL NO. CCB-06-3428 |
| | : | Criminal No. CCB-03-0216 |
| UNITED STATES OF AMERICA | : | |

...o0o...

## **MEMORANDUM**

Charles Harmer, a federal prison inmate, was convicted by a jury of possession with intent to distribute cocaine base and possession with intent to distribute cocaine hydrochloride. On February 14, 2005, he was sentenced to 262 months incarceration. His conviction was affirmed by the Fourth Circuit on May 23, 2006, 2006 WL 144592, and the Supreme Court denied certiorari. He has now filed a motion to vacate under 28 U.S.C. § 2255, which will be denied for the reasons stated below.

In his petition and amended petition, Harmer raised several issues, which will be discussed in turn.

First, Harmer attempts to relitigate the suppression motions rejected by this court. To the extent he complains about introduction of the evidence obtained through a search warrant, a collateral attack is barred by *Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *see also Lee v. Winston*, 717 F.2d 888, 892 (4th Cir. 1983) (recognizing this holding of *Powell*). Further, because he failed to raise the search warrant issue in his appeal, and has not shown cause and prejudice or actual innocence, this claim may not be raised now. *See Bousley v. U.S.*, 523 U.S. 614, 622-23 (1998). As to the voluntariness of his statements, this issue was fully litigated and affirmed by the Fourth Circuit and may not be revisited.

Second, Harmer raises several alleged discovery violations. These are barred by his

failure to raise them on appeal, *see Bousley*, and in any event have no merit for the reasons stated by the government in its Response to Harmer's Motion.

Third, Harmer alleges prosecutorial misconduct based on discovery violations, a "vouching" by the prosecutor in closing argument, and suborning perjury as to Trooper Brice. These claims fail. The discovery "violations" either had no merit or did not prejudice Harmer. There was no improper vouching as to witness credibility, *see U.S. v. Walker,* 155 F.3d 180, 187-89, (3d Cir. 1998) or if there was it was harmless; *see U.S. v. Loayza*, 107 F.3d 257, 262-63 (4th Cir. 1997). There is no evidence the government suborned perjury; at best there was an inconsistency between the trooper's report and one aspect of his testimony, of which the defense was fully aware before trial.

Fourth, Harmer alleges ineffective assistance of trial and appellate counsel but has failed to show either a deficient performance or prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As explained by government counsel in his Response and observed by the court at trial, defense counsel vigorously and appropriately cross-examined the law enforcement witnesses, brought out the access of others to the drugs, requested the identities of informants, requested and obtained a curative instruction in lieu of a mistrial (with Harmer's consent), and made reasonable tactical decisions not to object to the "expert" testimony concerning narcotics. There was no basis for a *Franks* hearing, nor would Harmer's now-proposed testimony at the suppression hearing have been relevant to the issue of voluntariness. The fact that the drugs may have been found slightly over the property line would not invalidate their seizure under the warrant. As to appellate counsel, Harmer has demonstrated no meritorious argument counsel failed to raise.

In summary, Harmer has shown no grounds for relief nor a basis for an evidentiary hearing. His Motion to Vacate will be denied by separate Order.

| | |
|---|---|
| January 30, 2009 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |