IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | Criminal No. CCB-03-00216 |
| | * | |
| CHARLES MONTEZE HARMER | * | |

*******

## MEMORANDUM AND ORDER

Now pending is the motion by Charles Harmer for a reduced sentence under § 404 of the First Step Act. For the reasons stated below, the motion will be granted.

Harmer was convicted by a jury in 2004 of possession with intent to distribute five grams or more of cocaine base (Count Three) and possession with intent to distribute cocaine hydrochloride (Count Four). At sentencing, he was found to be a career offender. Based on the then-applicable 40-year statutory maximum on Count Three, the guideline range was found to be 262 – 327 months (34/VI). Harmer was sentenced to 262 months on Count Three with a concurrent 240 month sentence (the statutory maximum) on Count Four.

Had Section 2 and 3 of the Fair Sentencing Act of 2010 been in effect when Harmer was sentenced, Count Three would have carried no mandatory minimum and a statutory maximum of 20 years. Assuming the career offender range still applied, Harmer's guidelines today would be 210 – 262 months (32/VI).

The government concedes that Harmer is eligible for resentencing on Count Three, but not on Count Four, because it is not a "covered offense." The government also argues that a reduction should not be granted considering the factors under 18 U.S.C. § 3553(a), in particular Harmer's criminal history.

1

As to the government's first argument, the court disagrees. Harmer was sentenced based on a single guideline range determined after grouping both counts of conviction and based on the statutory maximum for Count Three, not Count Four. Under the sentencing package doctrine, this court has the authority to reduce the sentence on both counts. *See Dean v. United States*, 137 S.Ct. 1170, 1175-76 (2017); *United States v. Pratt*, 915 F.3d 266, 275 (4th Cir. 2019); *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017); *United States v. Opher*, 2019 WL 3297201 * 11-12 (D.N.J. 2019); *United States v. Black*, 388 F.Supp. 3d 682, 688 (E.D. Va. 2019); *United States v. Biggs*, 2019 WL 2120226, * 3 (N.D. Ill. 2019).

Considering the factors under 18 U.S.C. § 3553(a), the court also disagrees. A reduction is warranted. While Harmer's criminal history is serious, it is also very far in his past. He has a very limited disciplinary record in the Bureau of Prisons, and a very positive record of education, employment, and mentoring of others, thus demonstrating greater maturity and less risk of recidivism. And the low end of the current career offender guideline range, 210 months, is still a very significant sanction that sufficiently recognizes the seriousness of his non-violent drug offenses. Further, Harmer faces the possibility of additional incarceration based on his pending state parole violation.

Accordingly, the motion is GRANTED. The sentences on Counts Three and Four will be reduced to concurrent terms of 210 months (but no less than time served plus 14 days). An amended J&C will be issued.

So Ordered this ___8___ day of October 2019.

Catherine C. Blake
United States District Judge

2